**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARC GIBSON, | : | |
| | : | Civil Action No. 08-5366 (FSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MIDDLESEX COUNTY OFFICE | : | |
| OF THE PUBLIC DEFENDER, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Marc Gibson
Middlesex County Adult Correction Center
P.O. Box 266
New Brunswick, NJ 08903

**HOCHBERG**, District Judge

　　Plaintiff Marc Gibson, a prisoner confined at Middlesex

County Adult Correction Center in New Brunswick, New Jersey,

seeks to bring this action in forma pauperis pursuant to 42

U.S.C. § 1983, alleging violations of his constitutional rights.

Based on his affidavit of indigence and the absence of three

qualifying dismissals within 28 U.S.C. §1915(g), the Court will

grant Plaintiff's application to proceed in forma pauperis

pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court

to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff is apparently a pre-trial detainee confined at Middlesex County Adult Correction Center.  He alleges that his assigned Public Defender Howard Barman is not spending sufficient time or effort representing him.  Plaintiff alleges that Deputy Public Defender Richard D. Barker has refused to change his representation despite Plaintiff's complaints about his representation.

Plaintiff names as defendants Middlesex County Office of the Public Defender, Howard Barman, and Richard Barker.

Plaintiff seeks injunctive relief requiring appointment of a pool lawyer to represent him in his pending criminal matter.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28

U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

3

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) provides:

> A party must state its claims ... in numbered
> paragraphs, each limited as far as practicable to a
> single set of circumstances.  ... If doing so would
> promote clarity, each claim founded on a separate

transaction or occurrence ... must be stated in a
separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in

pro se prisoner actions as well as other civil actions.

Persons ... may be joined in one action as defendants
if:
    (A) any right to relief is asserted against them
jointly, severally, or in the alternative with respect
to or arising out of the same transaction, occurrence,
or series of transactions or occurrences; and
    (B) any question of law or fact common to all
defendants will arise in the action.

(emphasis added). See, e.g., Pruden v. SCI Camp Hill, 252

Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th

Cir. 2007).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

Every person who, under color of any statute,
ordinance, regulation, custom, or usage, of any State
or Territory ... subjects, or causes to be subjected,
any citizen of the United States or other person within
the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other
proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

5

under color of state law.  West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

## IV.  ANALYSIS

Generally, court-appointed counsel, public defenders, and
investigators employed by a public defender are absolutely immune
from civil liability under § 1983 when acting within the scope of
their professional duties.  Black v. Bayer, 672 F.2d 309, 317 (3d
Cir.), cert. denied, 459 U.S. 916 (1982).  Cf. Tower v. Glover,
467 U.S. 914, 923 (1984) ("state public defenders are not immune
from liability under § 1983 for intentional misconduct, 'under
color of' state law, by virtue of alleged conspiratorial action
with state officials that deprives their clients of federal
rights").

Although not "immune" from suit or liability, an attorney
may be entitled to dismissal of a civil rights action on the
ground that it fails to state a claim, because lawyers,
typically, are not "state actors."  "[A] lawyer representing a
client is not, by virtue of being an officer of the court, a
state actor 'under color of state law' within the meaning of §
1983."  Polk County v. Dodson, 454 U.S. 312, 318 (1981).
Similarly, a public defender "does not act under color of state
law when performing a lawyer's traditional functions as counsel
to a defendant in a criminal proceeding."  Polk Co. v. Dodson,

454 U.S. at 325.  A public defender (as any other private person) does act "under color of state law," however, when engaged in a conspiracy with state officials to deprive a defendant of federal rights.  <u>Tower v. Glover</u>, 467 U.S. 914 (1984).

Here, Plaintiff alleges no facts that would suggest that the public defender defendants are acting in any capacity other than their traditional capacity as counsel.  Accordingly, all claims against Defendants Middlesex County Officer of the Public Defender, Howard Barman, and Richard Barker must be dismissed with prejudice.

In addition, the Office of the Public Defender[1] is immune from suit under the Eleventh Amendment.

Moreover, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, are persons within the meaning of § 1983.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 64, 70-71 and n.10 (1989); <u>Grabow v.</u>

---

[1] The Office of the Public Defender is an agency established by the State of New Jersey, in the Executive Branch, to fulfill the State's obligation to provide representation to indigent criminal defendants.  The Public Defender is appointed by the Governor with the advice and consent of the Senate.  The Public Defender is authorized to enter into contracts as provided by law.  The Public Defender must make an annual report to the Legislature on the operations of the Office.  <u>See</u> New Jersey Statutes, Title 2A, Chapter 158A.  Thus, the Office of the Public Defender is an arm of the state entitled to Eleventh Amendment immunity.  <u>Cf.</u> <u>Smith v. LaFollette</u>, 23 F.3d 410 (7th Cir. 1994) (Wisconsin Office of the Public Defender is a state agency entitled to Eleventh Amendment immunity); <u>Allen v. Feldman</u>, 2004 WL 1254001 (D.Del. 2004) (Delaware Office of the Public Defender is a state agency entitled to Eleventh Amendment immunity).

<u>Southern State Correctional Facility</u>, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).  Thus, the Office of the Public Defender is not a "person" subject to suit under § 1983.

Finally, even if there were other grounds to proceed with this matter, this Court would abstain from entertaining this claim for injunctive relief in connection with a pending state prosecution.

It is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings); <u>Middlesex Co. Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982) ("The policies underlying <u>Younger</u> are fully applicable to noncriminal judicial proceedings when important state issues are involved.").  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before <u>Younger</u> abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate

8

absent a showing of bad faith prosecution, harassment,
or a patently unconstitutional rule that will cause
irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York
and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992)
(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

The state court in which his criminal proceedings are
pending is the appropriate forum in which Plaintiff should pursue
this challenge to the adequacy of his representation.

## V.   CONCLUSION

For the reasons set forth above, the Complaint must be
dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and
1915A(b)(1), for failure to state a claim.  It does not appear
that the defects in this pleading could be cured by amendment at
this time.  An appropriate order follows.


                                      s/ Faith S. Hochberg
                                      Faith S. Hochberg
                                      United States District Judge

Dated: January 12, 2009

9